## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| | : | |
| LABORERS INTERNATIONAL UNION | : | |
| OF NORTH AMERICA LOCAL NO. 199 | : | Civil No. 11-4976 (RBK/JS) |
| WELFARE, PENSION, | : | |
| APPRENTICESHIP & TRAINING, | : | |
| ANNUITY and LABORERS- | : | |
| EMPLOYERS COOPERATIVE | : | |
| EDUCATION TRUST FUNDS OF | : | |
| DELAWARE, INC., and | : | |
| LABORERS INTERNATIONAL UNION | : | |
| OF NORTH AMERICA, LOCAL 199, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RAMCO SOLUTIONS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of Plaintiffs Laborers International

Union of North America Local No. 199 Welfare, Pension, Apprenticeship & Training, Annuity

and Laborers-Employers Cooperative Education Trust Funds of Delaware Inc. and Laborers

International Union of North America Local No. 199's ("Plaintiffs"). Plaintiffs have asserted

claims against Ramco Solutions ("Defendant") for unpaid fringe benefit contributions, unpaid

union dues, and liquidated damages pursuant to Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974, as amended, ("ERISA"), and Section 301 of the Labor

Management Relations Act of 1947, as amended ("LMRA"). *See* 29 U.S.C. §§ 1132 and 1145;

29 U.S.C. § 185. Plaintiffs now move for default judgment, pursuant to Federal Rule of Civil Procedure 55, and seek payment for unpaid contributions, attorney's fees, and costs. For the reasons stated herein, the Court will grant Plaintiffs' motion and enter judgment against Defendant in the amount of $5,508.84.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff Laborers International Union of North America, Local No. 199 Welfare, Pension, Apprenticeship, Vacation, Apprenticeship and Training, Annuity and Laborers-Employers Cooperative Education Trust Funds ("Funds") are jointly-administered multi-employer benefit funds pursuant to § 302 of the LMRA and 3(37)(A) of ERISA. Compl. ¶ 3. Plaintiff Laborers International Union of North America, Local 199 ("Local 199") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act ("NLRA") and an employee organization within the meaning of § 3(4) of ERISA. *Id.* at ¶ 4. The Funds' offices are located in Delaware, and Local 199's principal place of business is in Delaware. *Id.* at ¶¶ 4-5. Defendant is a New Jersey corporation with its principal place of business in New Jersey. Defendant is an employer within the meaning of § 3(5) of ERISA that is engaged in an industry affecting commerce within the meaning of §301 of the LMRA and § 152(2) of the NLRA. *Id.* at ¶ 5.

Defendant agreed to be bound by the terms of a collective bargaining agreement (the "Agreement") between Local 199 and the Delaware Contractors Association. Compl. ¶ 6. The Agreement set forth various terms and conditions of employment for Defendant's employee laborers. *Id.* Specifically, the Agreement provided that Defendant must make timely

---

[1] As a consequence of the Clerk of Court's entry of default against Defendant on November 4, 2011, and for purposes of deciding the instant motion for default judgment, the Court accepts as true the factual allegations in Plaintiffs' Complaint, save those relating to the amount of damages. *United States v. Pinsky*, No. 10-2280, 2011 WL 1326031 at *2 (D.N.J. Mar. 31, 2011) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

contributions to the Funds on a monthly basis and submit timely monthly contribution report

forms to the Funds' administrator. *Id.* The Agreement also required Defendant to withhold

union dues and contributions to the Delaware Laborers Political League ("DELPL") and the

Vacation Fund from laborers' wages, and compel any laborer employee to join the Union within

seven (7) days after the date of hire. *Id.* According to the Agreement, contributions and

contribution report forms not received by the fifteenth day of the month would be subject to a ten

percent (10%) liquidated damages charge. *Id.* at ¶¶ 8, 41.

Plaintiffs filed suit against Defendant on August 29, 2011, alleging breach of the

collective bargaining agreement based on Defendant's failure to make contributions and failure

to withhold and transmit monthly union dues and contributions. Compl. ¶¶ 28-50. Plaintiffs

also allege violations of ERISA due to Defendant's failure to make contributions and failure to

pay liquidated damages. *Id.* In the Complaint, Plaintiffs sought overdue benefit fund

contributions, overdue contribution reports, liquidated damages, and litigation costs. Pl.'s Mot.

Def. J. at ¶ 3.

Defendant was served on September 6, 2011. *Id.* at ¶¶ 5-6. After Defendant failed to

respond to Plaintiffs' Complaint, and at Plaintiffs' request, the Clerk of Court entered default on

November 4, 2011. *Id.* at ¶ 7. On July 16, 2012, the Court dismissed the case based on the

parties' agreement to settle. *Id.* at ¶ 8. When the parties failed to consummate the settlement,

however, the dismissal was vacated, and the case was reopened on September 28, 2012. *Id.* at ¶

9. Plaintiffs filed the instant motion for default judgment on December 7, 2012. *Id.* at ¶ 17.

## II.    DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 55(b)(2)[2] allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief.  While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in this Circuit that cases be decided on the merits rather than by default whenever practicable.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984).  Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case.  If it finds default judgment to be appropriate, the Court's next step is to determine a proper award of damages.

### A.    Appropriateness of Default Judgment

#### i.    The Court's Jurisdiction

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiffs' cause of action and personal jurisdiction over Defendant.  *U.S. Life Ins. Co. in City of New York v. Romash*, No. 09-3510, 2010 WL 2400163 at *1 (D.N.J. June 9, 2010).  Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court.  In this case, Plaintiffs allege that Defendant's conduct violates ERISA and the LMRA.  The Court therefore has federal question subject matter jurisdiction over Plaintiffs' claims.  *See* 28 U.S.C. § 1331.  In addition, the Court exercises personal jurisdiction over Defendant because Defendant is a New Jersey corporation with its principle place of business in New Jersey.  Therefore, the Court may exercise personal jurisdiction over Defendant.

#### ii.    Entry of Default

---

[2] Throughout this opinion, the Court will refer to the Federal Rules of Civil Procedure simply as the "Rules."

Second, the Court must ensure that the entry of default under Rule 55(a) was proper. Rule 55(a) directs the Clerk of Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with a summons and complaint on September 6, 2011. Doc. Nos. 2, 4. Thereafter, it failed to respond to the Complaint within twenty-one days of service as required under Rule 12(a). Plaintiffs attested to these facts in a certification from Plaintiffs' counsel, which was attached to their request for default. *See* Pl.'s Mot. Def. J. Accordingly, the Clerk's entry of default under Rule 55(a) was appropriate.

### iii. *Fitness of Defendant to be subject to default judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, Plaintiffs' counsel avers that Defendant is a corporation and is thus not an infant, incompetent, or member of the military. *See* Pl.'s Mot. Def. J. While counsel does not specify whether he makes this claim upon personal knowledge or upon information and belief, his good faith affirmation under either circumstance is sufficient to comply with Rule 55(b)(2). *See Firstbank Puerto Rico v. Jaymo Properties, LLC*, 379 Fed. App'x 166, 170 (3d Cir. 2010). Thus, the Court finds that the Defendant is subject to default judgment under Rule 55(b)(2).

### iv. *Plaintiffs' Cause of Action*

Fourth, the Court must determine whether Plaintiffs' Complaint states a proper cause of action against Defendant. In conducting this inquiry, the Court accepts as true a plaintiff's well-

pleaded factual allegations while disregarding its legal conclusions. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).

### 1. **Breach of Collective Bargaining Agreement**

Plaintiffs' breach of collective bargaining agreement claim constitutes a proper breach of contract action if it can satisfy three elements: (1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage to the plaintiff. *See Ramada Worldwide, Inc. v. Steve Young Kim,* No. 09–4534, 2010 WL 2879611 at *3 (D.N.J. July 15, 2010) (citing *AT & T Credit Corp. v. Zurich Data Corp.,* 37 F.Supp.2d 367, 370 (D.N.J.1999)). In this case, Plaintiffs have alleged the existence of a valid and binding contract, namely the Agreement. Compl. ¶ 6. In addition, Plaintiffs claimed that Defendant breached the terms of the Agreement by failing to make adequate and timely contributions to the Funds on a monthly basis. *Id.* at ¶¶ 30, 39, 42. Finally, Plaintiffs have established resulting harm from this breach in the amount of $5,508.84. *See* Pl.'s Mot. Def. J. at ¶ 17. Thus, Plaintiffs have sufficiently stated a cause of action for breach of contract.

### 2. **Violation of the LMRA**

The unchallenged factual allegations in Plaintiffs' Complaint also state a legitimate cause of action under the LMRA. The LMRA allows district courts to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. Here, Plaintiffs, a union and a series of benefit funds, alleged that Defendant employer failed to remit monthly contributions and submit required monthly reports in a timely manner, as required by the Agreement. Compl. ¶¶ 30, 39, 42, 45. Therefore, Plaintiffs have properly brought a cause of action under the LMRA.

3. **Violation of ERISA**

Plaintiffs have also adequately pled a violation of ERISA. Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement. 29 U.S.C. § 1145. ERISA further provides that, in any action on behalf of a plan to enforce Section 1145 of Title 29 in which a judgment in favor of a plan is awarded, the court shall award the plan the following:

A) the unpaid contributions;

B) interest on the unpaid contributions;

C) an amount equal to the greater of:

i. interest on the unpaid contributions, or

ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A);

D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). In this case, Plaintiffs brought suit to enforce payment of plan contributions, which Plaintiffs allege Defendant failed to pay in violation of the terms and conditions of the parties' collective bargaining agreement. Plaintiffs' counsel attested to the amount of unpaid contributions in his certification. *See* Pl.'s Mot. Def. J. at ¶ 11. In addition, Plaintiffs allege that they are entitled to recover liquidated damages and reasonable litigation costs and attorney's fees resulting from Defendant's breach. Plaintiffs' counsel provided a sufficiently detailed record of the hours he spent working on this case and a calculation of the

resulting reasonable fees and costs that Plaintiffs have incurred as a result of this action. *Id.* at ¶ 13. Therefore, Plaintiffs have stated a proper cause of action under ERISA.

> v.      Emcasco *factors*

Fifth, and lastly, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; (3) the defaulting party's culpability in bringing about default. *Bridges Financial Group, Inc. v. Beech Hill Co., Inc.*, No. 09-2686, 2011 WL 1485435 at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). In this case, all three of these factors militate in favor of granting a default judgment. First, there is no indication that Defendant has a cognizable defense to Plaintiffs' allegations of breach of collective bargaining agreement and violation of ERISA. Thus, this factor is either inconclusive or weights slightly in Plaintiffs' favor. *See Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense, [rendering this] factor . . . inconclusive."); *Dish Network L.L.C. v. Rounds*, No. 11-241, 2012 WL 1158798 at *3 (D.N.J. Apr. 6, 2012) (considering the *Emasco* factors and noting that in light of the defendant's failure to "[respond in any manner to the Complaint [,] . . . [t]here is nothing to suggest that Defendant has a meritorious defense to liability."). Second, because Defendant has wholly failed to answer the Complaint or otherwise appear, Plaintiffs suffer prejudice if they don't receive a default judgment because they have no alternative means of vindicating their claim against the defaulting party. *See Directv v. Asher*, No. 03-1969, 2006 WL 680533 at *2 (D.N.J. Mar. 14, 2006). Third, the Defendant's failure to

respond permits the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081 at *2 (D.N.J. Sept. 8, 2008). Thus, the *Emcasco* factors weigh in favor of entering default judgment.

   *v.*   *Conclusion*

   In light of the foregoing analysis, the Court finds that Plaintiffs are entitled to a default judgment against Defendant.


**B.**   **Damages**

   The damages alleged in this case are sum certain. Plaintiffs claim that Defendant owes $1,899.34 in unpaid contributions. Pl.'s Mot. Def. J. at ¶ 11. Plaintiffs also seek attorney fees and costs in the amount of $3,180.00 and $429.59, respectively. *Id.* at ¶¶ 13, 14. Pursuant to 29 U.S.C. § 1132(g)(2), the Court can award attorney's fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA. Thus, in this case, the attorney fees and litigation costs can be included in damages. The affidavit certifies that Plaintiffs' counsel's fee in this matter is $3,180.00, which represents 10.6 hours of work at a rate of $300 per hour. The Court finds that this is a reasonable fee in light of the nature of the case and services rendered. In addition, Plaintiffs' counsel certified that the total costs incurred amounted to $429.59. This includes filing and process service fees. The Court finds that the total cost is reasonable and should be awarded to the Plaintiffs. Therefore, Plaintiff is entitled to $5,508.84 in unpaid damages, attorney's fees, and costs.

**III.     CONCLUSION**

For the reasons stated above, the Court will grant Plaintiffs' motion for default judgment

and order Defendant to pay to Plaintiffs $5,508.84.  An appropriate order shall issue today.


Dated:  8/26/2013                                          /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge